10-4830-ag
Cui v. Holder

BIA
Nelson, IJ
A098 604 532

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of April, two thousand twelve.

PRESENT:
>  JOHN M. WALKER, JR.,
>  DEBRA ANN LIVINGSTON,
>  GERARD E. LYNCH,
>    *Circuit Judges.*

_____

MING LAN CUI,
>    *Petitioner,*

>    v.                                    10-4830-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Jennifer J. Keeney, Senior
                         Litigation Counsel; Cindy S.
                         Ferrier, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Lan Cui, a native and citizen of the People's Republic of China, seeks review of a November 1, 2010, order of the BIA, affirming the August 18, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Lan Cui*, No. A098 604 532 (B.I.A. Nov. 1, 2010), *aff'g* No. A098 604 532 (Immig. Ct. N.Y. City Aug. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications, such as this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's

demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also In re J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Cui not credible, the agency reasonably noted that her testimony and documentation were inconsistent regarding conversations she allegedly had with her husband concerning the Chinese government's interest in her political activities. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Although Cui argues that the IJ erred in failing to consider her explanations for the inconsistencies, the IJ summarized Cui's explanations for her inconsistent statements – that she misspoke because she was nervous, and forgot to include information – and was not required to accept these explanations, as they would not necessarily be compelling to a reasonable fact-finder. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Cui further argues that the agency erred in relying on the inconsistencies in her testimony

because she was asked confusing questions that suggested that the Chinese police had visited her rather than her husband.  Although Cui is correct that Government counsel's use of the word "you" at the end of her question – "[h]ow do you know this if your husband only said that the police had come to visit you?" – implied that the Chinese police had visited Cui, it is clear from the context that the intended meaning was that the police had visited Cui's husband, and there is no indication that the errant pronoun caused any real confusion.  Thus, the agency reasonably relied on the inconsistencies in Cui's testimony to find her not credible. *See Xiu Xia Lin*, 534 F.3d at 167.

The IJ also relied in part on Cui's demeanor to find her not credible, noting that "[s]he had difficulty answering questions" and "had to pause frequently for long periods of time before answering questions" and that it appeared "that she was making up her story as she went along in terms of the information that her husband had and her husband gave her."  Because the IJ was in the best position to observe Cui's manner while testifying, we accord her demeanor finding particular deference.  *See Shu Wen Sun v. BIA*, 510 F.3d 377, 380-81 (2d Cir. 2007) (per curiam); *Jin*

4

*Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Moreover, because the IJ identified inconsistencies in her testimony as another reason to doubt Cui's credibility, as discussed above, we may confidently rely on the IJ's demeanor finding. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Cui finally argues that even if her testimony was not credible, she demonstrated a well-founded fear that the Chinese government will become aware of her political activities. As the Government notes, however, Cui failed to exhaust this argument before the BIA. We therefore decline to address it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Contrary to Cui's suggestion, this argument is not subsidiary to or an extension of the arguments she raised on appeal before the BIA – that the IJ failed to consider her explanations and that corroborative evidence was not readily available. *See Steevenez v. Gonzales*, 476 F.3d 114, 117-18 (2d Cir. 2007).

Thus, the agency did not err in denying Cui's applications for asylum and withholding of removal, as both claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006). Cui does not challenge the denial of her application for CAT relief.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Cui's pending motion for a stay of removal in this petition is DISMISSED as moot.  Cui's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk